Dear President Jenkins:
You have requested the opinion of this office on the following issue:
 Would a contract entered into between LSU and a vendor to vend beverages at various locations of the LSU campus satisfy the requirements of La. R.S. 39:1615D if the contract were confected to require a nonexclusive arrangement with the vendor which would allow LSU the unfettered opportunity to adjust the number of machines provided by that vendor and allowing other vendors to provide competitive at the same location?
You indicate that language such as this may be included in the contract:
 LSU reserves the right to add any such additional beverage products or vending machines as LSU, in its sole discretion, deems necessary or desirable to serve the consumer market at LSU for such beverage products.
As your request indicates, the applicable law is found in the Louisiana Procurement Code at R.S. 39:1615 which deals with multi-year contracts and the requirements for such awards. The general rule of this section is that the maximum length of a contract under the Procurement Code is five years, and specified determinations must be made to support a contract term in excess of one year. Paragraph D of R.S. 39:1615 is specifically relevant to the issue which you raise. It provides:
 D. Educational institutions excepted. (1) An educational institution may enter into a multiyear nonexclusive contract, not to exceed ten years, with a vendor who has made a gift to the Institution of equipment utilized for promoting products and university activities at a cost to the vendor in excess of fifty thousand dollars. Further, for this exception to be applicable, the contract shall cover products for resale within the institution.
The contract terminology which you have submitted in your request clearly meets the requirement of R.S. 39:1615D that such multi-year contracts be non-exclusive, since LSU will explicitly reserve the right to contract with others to vend competitive products or install competitive vending equipment at any location on the LSU campus. Also, it is the essence of such a contract that it covers products for resale within your institution.
However, there is no mention in your request of how the proposed contract would meet one of the other requirements of R.S. 39:1615D, which is that the vendor "has made a gift to the institution of equipment utilized for promoting products and university activities at a cost to the vendor in excess of fifty thousand dollars." This is a mandatory requirement of the statute, as is the limitation of maximum contract term at ten years.
Therefore, any such non-exclusive contract must be for a term of no more than ten years and must reflect that LSU has received a gift of "equipment utilized for promoting products and university activities" which has cost the vendor at least $50,000.
I trust that this adequately responds to your request. Please let me know if we may be of any further assistance to LSU in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ GLENN R. DUCOTE Attorney General Chief, Public Finance Contracts Section